IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| OAKES FARMS FOOD & DISTRIBUTION SERVICES, LLC AND FRANCIS A. ("ALFIE") OAKES, III, | CIVIL ACTION |
| Plaintiffs, | |
| vs. | Case No. 2:20-CV-488 |
| THE SCHOOL DISTRICT OF LEE COUNTY, FLORIDA, GREGORY ADKINS, FREDRICK B. ROSS, MARY FISCHER, DEBBIE JORDAN, MELISSA W. GIOVANELLI, CHRIS N. PATRICCA, GWYNETTA S. GITTENS, BETSY VAUGHN, AND CATHLEEN O'DANIEL MORGAN, and JOHN DOE #1, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiffs, Oakes Farms Food & Distribution Services, LLC ("Oakes Farms"), and Francis

A. Oakes, III ("Alfie Oakes"), as and for their complaint herein, allege as follows:

## INTRODUCTION

1.      This is an action for injunctive and declaratory relief and damages in excess of Fifty

Million Dollars ($50,000,000.00) arising from the termination of Plaintiff Oakes Farms' fresh

produce supply contract by The School District of Lee County (hereinafter "School District"), its

presiding school board (the "School Board"), its individual School Board members, its

superintendent, and its procurement director, solely on the basis of the political viewpoints and

expression of Plaintiff's owner, Alfie Oakes.  The termination of the contract was done in

retaliation against Alfie Oakes and his company, Oakes Farms, for his speech on matters of public concern, and, specifically, for expressing his viewpoints on certain current events on his personal social media page.  Moreover, the School District officials intentionally structured the process of termination to ensure that Plaintiffs and other members of the public would be denied their right to have their grievances redressed, or even publicly heard, by the School Board prior to termination, and they made pretextual public statements as to why the contract was canceled.

2.      As more fully set forth below, the actions of the School District and other named defendants were in violation of the Freedom of Speech Clause of the First Amendment to the United States Constitution, the Freedom of Speech Clause of the Florida State Constitution (Article I, §4); the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; the Equal Protection Clause of the Florida State Constitution (Article I, §2), the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and the Due Process Clause of the Florida State Constitution (Article I, § 9).

3.      The actions by the School District also constitute a breach of the contract with Oakes Farms.

4.      The actions by the School District, its Board Members and Superintendent also constitute a violation of Florida's Government-in-the-Sunshine Law, as set forth in Article I, §24 of the Florida State Constitution and codified at Section 286.011, *et seq.,* Florida Statutes.

5.      Plaintiffs are entitled to recover costs and attorneys' fees pursuant to 42 U.S.C. §1988, and Section 286.0114, Florida Statutes. Also, Oakes Farms is entitled to recover costs and attorney's fees pursuant to Section 32 of its contract with the School District, as interpreted by Section 57.105(7), Florida Statutes.

**PARTIES**

6.      Plaintiff Oakes Farms Food & Distribution Services, LLC ("Oakes Farms") is a Florida limited liability company principally located in Collier County, Florida.  It operates a food distribution service, supplying fresh produce to private and public organizations and businesses throughout the State of Florida, the entire eastern United States, and parts of Canada. One such public entity to which Oakes Farms supplied produce was The School District of Lee County, which neighbors Collier County to the north.

7.      Plaintiff Francis A. Oakes, III, known to most as Alfie Oakes ("Alfie Oakes" or "Alfie"), is the owner of Oakes Farms. Alfie Oakes is a Florida resident born and raised in North Fort Myers, Lee County, Florida.  Alfie is a product of Lee County public schools, where he studied United States History and Civics and learned about his Constitutional right to free speech. Alfie Oakes now resides in Collier County, Florida.  He is a self-made businessman who started his business operating a roadside produce stand in North Fort Myers, and has since grown his companies into a vertically integrated operation of farming, packing, shipping, wholesaling, distributing, processing and retailing fresh produce, meat, seafood, processed foods, and other grocery items. Through his family of companies, Alfie Oakes employs approximately 2,300 workers of widely diverse ethnicities, and including migrant workers and farm laborers.

8.      Defendant, The School District of Lee County ("School District"), is the school district for Lee County, Florida, and constitutes a unit for the control, organization, and administration of schools pursuant to Section 1001.30, Florida Statutes. The School District is a government entity and state actor.

9.      Defendant Gregory Adkins ("Adkins" or "Superintendent") is the Superintendent of the School District upon appointment pursuant to Section 1001.461, Florida Statutes. Adkins is a resident of Lee County, Florida.  Adkins is sued in his individual and official capacities.

10.     Defendant Mary Fischer ("Fischer" or "Board Chair") resides in Lee County, Florida, and is a member and Chair of the School Board.  She is sued in her individual and official capacities.

11.     Defendant Debbie Jordan ("Jordan") resides in Lee County, Florida, and is a member and the Vice Chair member of the School Board.  She is sued in her individual and official capacities.

12.     Defendant Melissa W. Giovanelli ("Giovanelli") resides in Lee County, Florida, and is a member of the School Board.  She is sued in her individual and official capacities.

13.     Defendant Chris N. Patricca ("Patricca") resides in Lee County, Florida, and is a member of the School Board.  She is sued in her individual and official capacities.

14.     Defendant Gwynetta S. Gittens ("Gittens") resides in Lee County, Florida, and is a member of the School Board.  She is sued in her individual and official capacities.

15.     Defendant Betsey Vaughn ("Vaughn") resides in Lee County, Florida, and is a member of the School Board.  She is sued in her individual and official capacities.

16.     Defendant Cathleen O'Daniel Morgan ("Morgan") resides in Lee County, Florida, and is a member of the School Board.  She is sued in her individual and official capacities.

17.     Defendants Fischer, Jordan, Giovanelli, Patricca, Gittens, Vaughn and Morgan are collectively referred to herein as the "Board Members" or "Board Member Defendants".

18.     Defendant Fredrick B. Ross ("Ross") is the Director of Procurement for the School District and, upon information and belief, is a resident of Lee County, Florida.  He is being sued in his individual and official capacities.

19.     Defendant John Doe #1 is an employee of Lee County.  He or she is being sued in both individual and official capacities.

4

## JURISDICTION AND VENUE

20.     This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this is a civil action arising under the laws of the United States, to wit: 42 U.S.C. §1983 and the United States Constitution.

21.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

22.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## ALLEGATIONS OF FACT

### THE FRESH PRODUCE CONTRACT

23.     On June 26, 2018, Oakes Farms entered into a contract with the School District to provide fresh produce through 2021, with renewals through the year 2024 ("the Contract").  A true and correct copy of the Contract, including First Amendment, is attached hereto as **Exhibit A**, and is incorporated herein by reference**.**

24.     By prior contractual dealings, Oakes Farms began supplying fresh produce to the School District in 2016 such that, through June 2020, Oakes Farms had continuously provided fresh produce to the School District for over a four year period.

25.     Oakes Farms has at all times fully complied with the terms of all contracts with the School District, and has never once received any notice of violation or breach of its contractual supply duties to the School District.

THE SCHOOL BOARD'S RENEWAL OF THE FRESH PRODUCE CONTRACT

26.     On June 2, 2020, the School Board voted unanimously to renew Oakes Farms' Contract for the 2020-2021 school year. The total amount of that one year alone under the Contract was Six Million Dollars ($6,000,000.00).  A true and correct copy of the agenda item for the June 2, 2020, meeting showing the unanimous vote is attached hereto as **Exhibit B** and is incorporated herein by reference.

ALFIE OAKES' PERSONAL SOCIAL MEDIA POSTS

27.     Plaintiff Alfie Oakes maintains a personal Facebook page, where he exercises his First Amendment right to express his viewpoints on matters of public debate including, without limitation, those relating to the COVID-19 virus and the government's reaction thereto; and more recently, on the death of George Floyd in Minneapolis, Minnesota, on May 25, 2020; the protests, riots, looting and arson that ensued nationwide; and the various political reactions thereto including, without limitation, the political positions of the "Black Lives Matter" movement, "Antifa," and other organizations that have expressed viewpoints and engaged in protests purportedly in response to the death of George Floyd.

28.     One particular Facebook post by Alfie Oakes, dated June 8, 2020, elicited a response among certain factions participating in the public debate. That post reads as follows:

> The COVID19 hoax did not work to bring down our great President and now this…the black lives matter race hoax…REALLY …what else do the disgraceful powers that control this world with their puppets in the media have planned for us in next 5 months?  Is it possible that so many of our fellow American citizens could really be this ignorant?
>
> When I was a young child I vividly remember during church services a sermon that described how there would come a time where many people would not recognize good from evil or truth from blatant lies…I remember thinking to myself how could this ever happens?  It seems impossible from the paradigm that I existed in.

Well here we are…in the past 3 months I have watched not only OUR country's economy but the entire world economy brought to ruins for no other reason that multitudes of men and women have allowed themselves to be controlled by deceit and fear. The corrupt world powers and their brainwashing arms of the media have proven the ability to program the masses.

Now only weeks after the COVID programming many of the same lemmings have allowed the media to convince them that the amazing men and women that put their lives on the line every day to protect us are bad but some disgraceful drug addict felon is a hero being paraded around the country.  Can this really be happening??

There is absolutely no dispute that George Floyd was a disgraceful career criminal, thief, drug addict, drug dealer and ex-con who served 5 yrs in prison for armed robbery on a pregnant woman, and spent his last days passing around fake 20's to store owners in Minnesota.  Our new media hero "Gentle George" had two types of heart disease due to the tremendous amount of illegal drugs he was taking daily.  In his autopsy he tested positive for marijuana, Fentanyl, Amphetamine, morphine, methamphetamine, and sever others .. When officer Chauvin responded to a 911 call that someone was passing counterfeit 20s the store owner pointed out Floyd, who was sitting in a car across the street.   When officer Chauvin confronted Floyd, and asked him to get out of the car, Floyd refused and was not cooperating with the officer, a 20 year public servant, who was unlucky enough to be the one having to deal with this drug addicted criminal, a true disgrace to our human race that represents all that is wrong with our society. Floyd continued to resist the officers orders during this incident as one would expect from a mindless drug addict.  Now the media, Hollywood and many of our disgraceful politicians want you to be outraged that this career criminal drug abusing thug suffered the consequences of a lifetime of bad choices. Unfortunately the liberal mindset that has been instilled in so many of our young generation has taught them to take no personal responsibility for their actions.  They have been taught that if they do not success than [sic] they must be a victim.  These lost souls without any direction or sense of purpose are so easily manipulated to blame others for their lack of self worth.  It is these lost souls with little to no self worth who are the "protesters" that we see looting our stores, burning down our cities, defaming our national monuments and disgracing the great men and women that built this country.. but I suppose now

they finally found a purpose.

As we will likely be facing tough times ahead, I can only pray that these lost souls find a true purpose beyond the blame and deceit that is testing if not ruining the strong fabric of once our great nation.

29.     Following that post, an online "Change.org" petition was created, which was directed to the Lee and Collier County School Districts, "asking that both counties cut ties with Oakes Farms as founder and CEO Alfie Oakes has shared racist views about the murder of George Floyd on his Facebook page."  The petition then repeated Alfie Oakes' June 8, 2020 post quoted above.

30.     Upon information and belief, that petition has been "e-signed" 13,000 times by various individuals, the overwhelming majority of whom do not reside in Southwest Florida.

31.     On June 9, 2020, the News-Press and the Naples Daily News published an article titled "Collier, Lee school districts face backlash after Oakes Farms CEO's post,"[1] which reported:

Lee and Collier school districts faced a backlash this week for either past or present business ties with Oakes Farms following a Facebook post by its owner and a subsequent petition.  In a contentious Facebook post, Alfie Oakes, the owner of Oakes Farms and Seed to Table market, wrote that COVID-19 and the Black Lives Matter movement are hoaxes and called George Floyd a 'disgraceful career criminal.'  * * *

A petition started circulating online Sunday calling for both districts to sever ties with Oakes Farms because of Oakes' comments.   The petition has received more than 9,800 signatures, as of Tuesday afternoon.

Both school districts are aware of the petition that stemmed from Oakes' Facebook post.  * * *

---

[1] https://www.news-press.com/story/news/education/2020/06/09/oakes-farms-seed-table-collier-lee-school-districts-reviewing-ties-after-alfie-oakes-facebook-post/5319835002/  (News-Press), and https://www.naplesnews.com/story/news/education/2020/06/09/oakes-farms-seed-table-collier-lee-school-districts-reviewing-ties-after-alfie-oakes-facebook-post/5319835002/ (Naples Daily News)

Lee's school district is reviewing its contract with Oakes Farms, school spokesman Rob Spicker wrote in an email earlier this week.

"Our company is known for providing an excellent product and excellent service," Oakes wrote in an email to the Naples Daily News. "It would be a sad day in America if the school system chooses who to buy from because of their political beliefs."

32.     On the morning of June 11, 2020 - just nine (9) days after the School Board had voted unanimously to renew the Oakes Farms Contract and to do business with Oakes Farms for a fifth consecutive year - Oakes Farms received a phone call from Defendant Ross, the School District Director of Procurement, informing Oakes Farms that the School District had terminated the Contract "for convenience". No further explanation was given as to why the Contract was canceled.

33.     Within mere minutes of the phone call with Oakes Farms, the School District posted the following notice on its official Twitter account:



**School District of Lee County**
@LeeSchools

The School District of Lee County has severed ties with Oakes Farms. The District will soon be working with other suppliers to ensure that fresh fruits and vegetables continue to be provided to our students.

11:12 AM · Jun 11, 2020 · Twitter Web App

34.     Ross then sent a Notice of Termination to Oakes Farms dated June 11, 2020, which contained no factual explanation for the District's termination of the Contract other than to state that it was "for convenience". A true and correct copy of the notice of termination is attached hereto as **Exhibit C** and is incorporated herein by reference.

## METHODS OF TERMINATION UNDER THE CONTRACT

35.     Despite Ross' vague reference to termination "for convenience", the Contract actually provides only two ways by which the Contract may be terminated.

36.     Section 29 of the Contract provides:

> In the event any of the provisions of the contract awarded as a result of this ITN are violated by the Vendor, the Superintendent or designee will give written notice to the Vendor stating the deficiencies and unless the deficiencies are corrected within ten (10) calendar days, recommendation may be made to the Board for immediate cancellation.

37.     The District never, at any relevant time, gave written notice to Oakes Farms stating any deficiencies or other Contract violations.

38.     Upon information and belief, there was no recommendation made by the Superintendent of the School District to cancel the Contract with Oakes Farms. If there was such a recommendation made, it was not made publicly, and it was not preceded by any opportunity for Oakes Farms to correct any deficiencies.

39.     The School Board has not held a public meeting regarding the cancellation of the Contract between the School District and Oakes Farms or any recommendation by the Superintendent for the cancellation of the Contract, nor has any vote been publicly taken or recorded regarding cancellation of the Contract.

40.     As there has been no actual nor articulated violation of the Contract nor any deficiency on the part of Oakes Farms, the cancellation of the subject contract by the School District could not have been based upon the reason set forth in paragraph 36 above.

41.     Oakes Farms at all times fully and continuously performed under the Contract.

42.     Oakes Farms at all times remained ready, willing and able to continue its Contract performance at a high level.

43.     Section 29 of the Contract also provides:

> The Board reserves the right to terminate any contract resulting from this invitation at any time and for any reason, upon giving seven (7) days prior written notice to the other party.

44.     Despite this provision, the School Board has never voted at a publicly noticed and open meeting to terminate the Contract.

45.     Moreover, the Contract, like all Florida Contracts, contains an implied covenant of good faith and fair dealing which prevents a party the School Board from exercising its Section 29 cancellation rights in an unconstitutional manner.

<u>STATEMENTS OF DISTRICT AND SCHOOL BOARD OFFICIALS</u>

46.     On June 11, 2020, following the District's announcement that it had "severed ties" with Oakes Farms, the News-Press published an article titled "Lee school district steps away from Oakes Farms after CEO's social media posts,"[2] which reported:

> The Lee County school district has "severed ties" with Oakes Farms – an announcement that was met with applause by a handful of peaceful protesters gathered Thursday at the front doors of the education center's lobby. * * *
>
> Minutes after the demonstration started, the district released a statement announcing the separation.
>
> The school system said it "will soon be working with other suppliers to ensure that fresh fruits and vegetables continue to be provided to our students." * * *
>
> School board members say the contract was broken in a move by Superintendent Greg Adkins and his staff, who called each school board member prior to Thursday's announcement.
>
> School Board member Cathleen Morgan "commended" staff for "moving quickly to ensure the supply chain of high-quality produce in our food program will be uninterrupted."

---

[2] https://www.news-press.com/story/news/education/2020/06/11/alfie-oakes-lee-schools-severs-ties-oakes-farms-following-ceo-alfie-oakes-social-media-post-black-li/5337091002/

This was echoed by Debbie Jordan, who said she supported the call to cut ties with the farm. "Reading the post – that was very upsetting to me," Jordan said. She and other members, like Mary Fischer and Betsy Vaughn, mentioned the community response they had seen of people writing into the school board office.

"When we say that we're going to be committed to our values of diversity and inclusion and condemn racism in all forms, we have to stand by that," Jordan said. "We cannot have one statement that says one thing and allow another to stand."

Fischer, the chairwoman of the school board, confirmed that the decision does not require an official board vote but that any new vendors brought on by the district to provide fresh produce would need to have the contract approved by the board.

47.     Upon information and belief, the above reported statements by the Defendant School Board members are true and accurate recitations of their actual statements.

48.     Also on June 11, 2020, in an NBC-2 televised interview, School Board member Gittens stated:

I am so glad that we made a decision today. We need to move on…I have a First Amendment right just like [Alfie Oakes] does, and I can say as an individual, Gwyn Gittens, I did not think that was right.[3]

49.     On June 12, 2020, the School Board held a public School Board workshop meeting. While the Oakes Farms Contract was not on that agenda (workshops do not typically include "voting items"), near the end of the workshop meeting, Superintendent Adkins addressed the Oakes Farms contract, stating:

I've been asked to address the Oakes Farms contract termination. I'll do that briefly. My recommendation was based on, really, to address concerns related to health, safety and welfare of our students and staff. I've been advised to have no further comment on the matter beyond that. So, thank you for that."[4]

---

[3] https://www.nbc-2.com/story/42237772/school-district-of-lee-county-cuts-ties-with-oakes-farms-week-after-renewing-contract (comment begins at approximately 1:00 of the video)
[4] https://www.youtube.com/watch?v=BOgGcQzfmfY (comment begins at approximately 3:33:50 of the video)

50.     Although Adkins' commented that he had made a recommendation of termination, Adkins did not state who made the actual decision on behalf of the School District to terminate the Contract.

51.     Adkins did not explain the factual basis for any health, safety or welfare concerns, or for any other basis of Contract termination.

52.     Oakes Farms has attempted to reach out to the School District and School Board, both directly and through counsel, to request a fuller explanation and explore the possibility of an amicable resolution, but all Defendants and their counsel have refused to engage in substantive dialogue.

<u>THE JUNE 23, 2020 SCHOOL BOARD MEETING</u>

53.     On June 23, 2020, the School Board held its first action (voting) meeting following the School District's delivery of the June 11, 2020 Notice of Termination to Oakes Farms.

54.     The School District published an agenda for that meeting which included a "consent agenda" category.  Consent agenda items typically include non-controversial items for which no discussion is merited, with the School Board then voting to adopt all items on the consent agenda by a single vote.  If a School Board member wishes to have more discussion on a particular consent agenda item, they are able to request that the item be moved from the "consent" agenda to the "unfinished business" agenda.

55.     Included on the June 23, 2020 consent agenda was Item "F.15 – Business Services". This agenda item was to adopt a new contract with U.S. Foods, Inc. ("U.S. Foods") to replace Oakes Farms as fresh produce provider to the School District. The description published with the agenda item characterized the contract with Oakes Farms as having already been terminated by the District.  Specifically, the agenda item explained:

13

On June 2, 2020, the Board approved expenditures for the School District of Lee County ITB No. B187336DG for fresh produce ($6,000,000.00), as well as giving the Superintendent permission to execute the contract and all other related documents. The piggyback of Osceola County School RFP SDOC-14-P-065-LH - P.O.W.E.R. Buy Group for food and non-food products ($17,500,000.00) was also approved at this same meeting. On June 11, 2020, the District made the decision to terminate the contract for convenience with the awarded vendor of ITB No. B187336 for fresh produce as allowed per the terms of the contract. US Foods, Inc., is able to provide uninterrupted service of fresh produce to all District locations, at a lower cost than the terminated contract, as they are already established with deliveries of other food and non-food products. It is recommended the Board approve the increase to the previously Board approved estimated expenditure of $17,500,000.00, by $6,000,000.00, for a total estimated annual expenditure of $23,500,000.00, with US Foods, Inc., for the period of July 1, 2020 through June 30, 2021, with an option to cancel if deemed to be in the best interest of the District.

A true and correct copy of the agenda item showing the unanimous vote is attached hereto as

**Exhibit D** and is incorporated herein by reference.

56.     During the meeting, when asked by the Board Chair if he would like to comment

on the termination of the contract with Oakes Farms, Adkins stated:

> Just to reiterate what I said last time what I said addressing the contract termination, it was done relating to the health, safety and welfare for our students.  Additionally, the change is going to be a cost savings to the School District. Thank you.[5]

57.     Following Adkins' comment, each School Board Defendant was then individually

asked by the Board Chair whether she wished to move any consent agenda item to unfinished

business items for discussion.  Each Board Member Defendant stated that she did not wish to move

any items.

58.     Thereafter, the Board Member Defendants voted unanimously to adopt and approve

---

[5] https://www.youtube.com/watch?v=DNZfgZiu38E (comment begins at approximately 0:49:40 of the video)

the consent agenda, including the U.S. Foods replacement contract, without any discussion.

59.     By so voting, the School Board members also ratified the School District's prior termination of the Oakes Farms Contract.

60.     The actions of Superintendent Adkins and each of the School Board Members violates their oath of office, which included their sworn oath to uphold the Constitutions of the United States and the Constitution of the State of Florida.[6]

61.     Even though the contract with U.S. Foods was only approved on June 23, 2020, the School District had stopped placing orders for fresh produce from Oakes Farms and, upon information and belief, began taking orders for fresh produce from U.S. Foods as the replacement supply company as of June 19, 2020.

THE SCHOOL DISTRICT CONTINUES ITS RETALIATION AGAINST PLAINTIFFS

62.     In the ordinary course of business of Alfie Oakes' family of companies, he sells produce wholesale to other companies for their own resale. One such company is Farm Cut, LLC, a Florida limited company doing business as Marjon Specialty Foods ("Marjon").

63.     U.S. Foods is a long-standing customer of Marjon, and regularly purchases produce wholesale from Marjon.

64.     Less than a week after the School Board voted to replace Oakes Farms with U.S. Foods as its fresh produce supplier, Marjon learned that Defendant John Doe #1 contacted a U.S. Foods employee to inform U.S. Foods that Alfie Oakes owns Marjon, and discouraged U.S. Foods

---

[6] Article II, §5(b) of the Florida Constitution, prescribes the following oath

> "I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of [position] on which I am now about to enter. So help me God."

from purchasing any produce from Marjon thatwould ultimately be sold to the District. John Doe #1 advised the U.S. Foods employee that it should act accordingly because the School District had severed its ties with Oakes Farms.

65.     Oakes Farms is also a supplier for the United States Department of Defense ("DOD") pursuant to various contracts and agreements between the DOD and various governmental institutions including school districts.

66.     Prior to June 23, 2020, the School District regularly purchased produce and other food items through the DOD..

67.     After June 23, 2020, the School District informed Oakes Farms that it would cease purchasing product through the DOD because of Oakes Farms' and Alfie Oakes' continued relationship with the DOD.

68.     As of June 23, 2020, the School District has in fact ceased purchasing product through the DOD.

69.     By these actions, the School District continues to retaliate against Oakes Farms based solely on the expressed viewpoints on matters of public concern by its owner, Alfie Oakes.

70.     By these actions, Oakes Farms continues to suffer damages totaling in excess of Fifty Million Dollars ($50,000,000.00), including loss of revenues under Contract, losses under its DOD program, losses to Marjon, losses to other divisions of Alfie Oakes' companies who work in tandem with Oakes Farms, loss of reputation (business and personal), as well as an entitlement to exemplary and punitive damages for certain causes of actions.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 - Violation of the First Amendment to the U.S. Constitution

71.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 70 above as if fully set forth herein.

72.     The actions of Defendants described hereinabove were taken under color of state law.

73.     Defendants' actions described herein were taken in retaliation for Plaintiff Alfie Oakes exercising his First Amendment right to freedom of speech and expression.

74.     In terminating and/or participating in and/or authorizing the termination of, the Oakes Farms Contract, Defendants violated Plaintiffs' civil rights and liberties as guaranteed by the United States Constitution.

75.     Moreover, Defendants' actions are aimed at and/or will have the effect of chilling free speech and expression, which is also violative of the First Amendment.

76.     Defendants' proffered reasons for terminating the Oakes Farms Contract are vague, inconsistent and pretextual. This includes stated rationales for termination such as "for convenience",  "for the health, safety welfare of the students and staff", "for the health, safety and welfare of the students", and because "the change is going to be a cost savings to the District".

77.     As a direct result of Defendants' unconstitutional actions against Plaintiffs, Plaintiff Oakes Farms has sustained actual damages in an amount to be determined at trial.

78.     In addition to compensatory damages owed to his business, Plaintiff Alfie Oakes is entitled to recover damages for injury to his reputation in the community by Defendants and the chilling of his First Amendment rights.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
**42 U.S.C. §1983 - Violation of the Equal Protection Clause of the
Fourteenth Amendment to the U.S. Constitution**

79.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 78 above as if fully set forth herein.

80.     The actions of Defendants were taken under color of state law, and deprive Plaintiffs of their constitutional rights, privileges, and immunities.

81.     Specifically, Defendants knowingly and willfully treated Oakes Farms and by extension, Alfie Oakes, differently from other contract vendors by terminating the Contract on the basis of Alfie Oakes' exercise of his constitutional right to free speech and the political viewpoint expressed by him (whether his actual viewpoint or as perceived by Defendants).

82.     The actions taken by Defendants were not taken in good faith and constitute a violation of Plaintiffs' right to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

83.     In light of the foregoing, Defendants are liable to Plaintiffs for compensatory and punitive damages in an amount to be determined at trial.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
**42 U.S.C. §1983 - Violation of the Due Process Clause of the
Fifth and Fourteenth Amendments to the U.S. Constitution**

84.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 83 above as if fully set forth herein.

85.     Plaintiffs had a property right in the Contract and the ongoing vendor-vendee relationship between Oakes Farms and the School District.

86.     Defendants terminated the Contract between the School District and Oakes Farms without affording Plaintiffs any due process.

87.     Rather, Defendants summarily terminated the contractual relationship as discussed

18

hereinabove, and provided only vague, inconsistent and pretextual reasons for so doing.

88.     As a result, Defendants are liable to Plaintiffs for compensatory and punitive damages in an amount to be determined at trial.

AS AND FOR A FOURTH CAUSE OF ACTION
**Violation of Florida State Constitution, Article I, Section 4**

89.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 70 above as if fully set forth herein.

90.     In terminating and/or participating in and/or authorizing the termination of, the Oakes Farms Contract, Defendants violated Plaintiffs' rights, privileged and immunities as guaranteed by the Free Speech clause of the Florida State Constitution.

91.     Moreover, Defendants' actions are aimed at and/or will have the effect of chilling free speech and expression, which is also violative of the Freedom of Speech Clause of the Florida State Constitution.

92.     Defendants' proffered reasons for terminating the Oakes Farms Contract are vague, inconsistent and pretextual. This includes stated rationales for termination such as "for convenience",  "for the health, safety welfare of the students and staff", "for the health, safety and welfare of the students", and because "the change is going to be a cost savings to the District".

93.     As a direct result of Defendants' unconstitutional actions against Plaintiffs, Plaintiff Oakes Farms has sustained actual damages in an amount to be determined at trial.

94.     In addition to compensatory damages owed to his business, Plaintiff Alfie Oakes is entitled to recover damages for injury to his reputation in the community by Defendants and the chilling of his Freedom of Speech rights.

95.     In light of the foregoing, Defendants are liable to Plaintiffs in an action at law and suit in equity.

19

## AS AND FOR A FIFTH CAUSE OF ACTION
**Violation of Florida State Constitution, Article I, Section 2**

96.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 70 and 89 to 95 above as if fully set forth herein.

97.     Defendants knowingly and willfully treated Oakes Farms differently from other contract vendors by terminating the Contract on the basis of Plaintiffs' exercise of the constitutional rights, privileges and immunities afforded to them by the Florida State Constitution.

98.     The Defendant School District, Superintendent and School Board Members intentionally chose not to explain the reasons for its termination of the subject Contract, and intentionally proffered vague, inconsistent and pretextual justifications for the termination in order to impede Plaintiffs' ability to vindicate their constitutional rights.

99.     In directly terminating and/or participating in and/or authorizing the termination of the Contract on constitutionally impermissible bases, Defendants knowingly and willfully denied Plaintiffs equal protection under the laws and thereby violated Article I, Section 2 of the Florida State Constitution.

100.    In light of the foregoing, Defendants are liable to Plaintiffs in an action at law and suit in equity.

## AS AND FOR A SIXTH CAUSE OF ACTION
**Violation of Florida State Constitution, Article I, Section 9**

101.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 70 and 89 to 100 above as if fully set forth herein.

102.    Plaintiffs had a property interest in the Contract between Oakes Farms and the School District, and in the ongoing vendor-vendee relationship with the School District.

103.    Defendants terminated the Contract and vendor-vendee relationship with Oakes Farms without affording Plaintiffs any due process.

104.    Moreover, Defendants intentionally orchestrated the termination of the Oakes Farms Contract without a public meeting and vote by the School Board, thereby depriving Plaintiffs of any opportunity to defend themselves and have their grievances redressed by the School District and/or other individually named Defendants.

105.    In directly denying Plaintiffs their due process rights, Defendants violated Article I, Section 9 of the Florida State Constitution.

106.    In light of the foregoing, Defendants are liable to Plaintiffs in an action at law and suit in equity.

AS AND FOR A SEVENTH CAUSE OF ACTION<br>**Breach of Contract (Against Defendant School District)**

107.    Plaintiff Oakes Farms repeats and realleges the allegations set forth in paragraphs 1 to 70 above as if fully set forth herein.

108.    Oakes Farms had a Contract with the District.

109.    The School District terminated the Contract without legal cause, and without following the procedural process for termination set forth in the Contract.

110.    The School District's termination of the Contract and/or its cessation of performance under the Contract constitutes a breach and repudiation of the Contract.

111.    Oakes Farms has been damaged by the District's breach and repudiation of the Contract.

112.    Pursuant to Section 32 of the Contract, and by application of Fla. Stat. § 57.105(7) thereto, Oakes Farms is entitled to reasonable attorneys' fees incurred in enforcing its Contract rights.

113.    In light of the foregoing, the District is liable to Plaintiff Oakes Farms in an action at law for an amount to be determined at trial.

AS AND FOR AN EIGHTH CAUSE OF ACTION
**Violation of Florida's Government-in-the-Sunshine Law**

114.     Plaintiff Oakes Farms repeats and realleges the allegations set forth in paragraphs 1 to 70 above as if fully set forth herein.

115.     Upon information and belief, by a series of private one-on-one conversations with each of the School Board Defendants on or about June 11, 2020, the Superintendent communicated his recommendation to terminate the Oakes Farms Contract and polled each School Board Member about whether to terminate the Contract.

116.     Having gained a majority consensus from the School Board Members, on June 11, 2020, the Superintendent, individually and by and through his designee, sent a termination notice informing Oakes Farms that the District had cancelled the Contract "for convenience".

117.     The Superintendent or his designee simultaneously made a public announcement via the School District's official Twitter account that the School District had "severed ties" with Oakes Farms, thereby communicating the outcome of the School Board Members' consensus vote to the other School Board Members.

118.     At a School Board workshop meeting held on June 12, 2020, the Superintendent confirmed that he had "recommended" termination, it being understood that it was actually the School Board, and not the Superintendent, who made the final decision to terminate.

119.     Alternatively, the School Board had previously delegated its own decision-making authority to the Superintendent, who then proceeded to engage in one-on-one meetings with each school board for private input, prior to exercising his delegated authority to terminate the Oakes Farms contract.

120.     As yet another alternative, the Superintendent had no delegation of authority from the School Board to terminate the Contract, in which event the Superintendent's termination of the

Contract was *ultra vires* and thus null and void, and of no force or effect.

121.    The private conversations between the Superintendent and each School Board member constitute meetings pursuant to Florida's Sunshine Law.

122.    The private conversations between the Superintendent and each School Board member were not noticed nor open to the public.

123.    No minutes were taken of the private conversations between the Superintendent and each School Board member.

124.    Plaintiffs and the public at large were deprived of their constitutional and statutory rights to observe first-hand all steps in the School Board's decision-making process for the termination of the Oakes Farms Contract, as set forth in Fla. Stat. § 286.011(1), and Fla. Const., Art. I, §24 (providing that "all meetings…at which official actions are to be taken or at which public business of such body is to be transacted or discussed shall be open and noticed to the public").

125.    Plaintiffs were also deprived of their right to a reasonable opportunity to be heard on the subject of the termination of the Oakes Farms Contract, as required by Section 286.0114(2), Florida Statutes.

126.    By virtue of the School Board's action meeting held on June 23, 2020 whereby it voted to approve a replacement contract with U.S. Foods based on the explanation provided in the agenda item that the District had already terminated the Contract with Oakes Farms, the School Board effectively then rubber-stamped the decision to terminate the Contract.

127.    By the process described hereinabove, Defendants orchestrated a deliberate, illegal, and even criminal, circumvention and violation of Florida's Sunshine Law.

128.    Defendants violated Fla. Const. Art I, §24, and Fla. Stat. §286.011, and, accordingly, in addition to all other applicable remedies and penalties, Plaintiffs are entitled to temporary and permanent declaratory and injunctive relief related thereto under Fla. Stat.§§ 26.012 and 86.011.

129.    Pursuant to Fla. Stat. §286.011(1), no resolution, rule, or formal action shall be considered binding except as taken or made at a properly noticed, open meeting where minutes are taken.

130.    Accordingly, as a byproduct of a Sunshine Law violation, any decision by the School District to terminate the Oakes Farms Contract is not binding and is, therefore, null and void.

131.    Under Florida law, the violation of Florida's Sunshine Law constitutes an irreparable harm against the public, including the Plaintiffs.

132.    By virtue of the School District's announcement that the decision to terminate the Oakes Farms Contract was based upon vague references to concerns over the "health, safety and welfare of students and staff", which were discussed and determined outside of the Sunshine, and by virtue of the real (non-pretextual) reason for terminating the Contract based solely on Alfie Oakes' publicly expressed viewpoints, Oakes Farms continues to suffer irreparable harm to its personal and business reputations, having effectively been branded "unsafe" and "racist" by the School District, a political subdivision of the State of Florida.

133.    By virtue of the School District's sudden termination of the Oakes Farms contract for reasons that were contrived outside of the Sunshine, Oakes Farms is and will continue to be irreparably harmed due to a necessity to terminate dozens of valuable local employees, with further consequent harm to the families of those employees, as a result of a reduction in Oakes Farms' business and revenue.

134.    In light of the foregoing, Defendants are liable to Plaintiffs in an action at law and suit in equity, including temporary and permanent declaratory and injunctive relief.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs Oakes Farms Food & Distribution Services, LLC, and Francis A. (Alfie) Oakes, III, respectfully request the following relief:

a) Preliminary and permanent injunctive relief ordering Defendants to reinstate the Oakes Farms Contract and to continue to use Oakes Farms as its fresh produce vendor, and enjoining Defendants from denying future contracts or taking other adverse actions against Plaintiffs on the basis of their expressed viewpoints on matters of public concern and in violation of Florida's Government-in-the-Sunshine Law; and,

b) Declaratory judgment declaring that Defendants' conduct violates several provisions of the United States and Florida Constitutions as outlined hereinabove; and,

c) Declaratory judgment declaring that Defendants violated Florida's Government-in-the- Sunshine Law, and that the termination of the Contract is an invalid byproduct thereof which is therefore null and void, or alternatively, that the Superintendent was without authority to terminate the Contract and thus the termination was *ultra vires*, null and void, and of no force or effect; and,

d) Judgment awarding monetary damages including, but not limited to, lost profits and the diminution of the value of its business, exemplary or punitive damages, costs, interest, attorney's fees, expert witness' fees, and all other damages recoverable under 42 U.S.C. §1983, et seq, 42 U.S.C. §1988, under the Contract, and under the common law; and,

e) Such other relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Dated:  July 9, 2020

Respectfully submitted,

STEVEN J. BRACCI, PA

  /s/ Steven J. Bracci
Steven J. Bracci (Bar No. 157562)
9015 Strada Stell Court, Suite 102
Naples, Florida 34109
Ph: (239) 596-2635
e-mail:  steve@braccilaw.com
*Attorney for Plaintiffs Oakes Farms Food &*
*Distribution, LLC, and Francis A. Oakes, III*