UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OAKES FARMS FOOD &
DISTRIBUTION SERVICES, LLC
and FRANCIS A. OAKES, III ,

    Plaintiffs,

v.     Case No.:  2:20-cv-488-JLB-MRM

GREGORY ADKINS, FREDRICK
B. ROSS, MARY FISCHER, DEBBIE
JORDAN, MELISSA W.
GIOVANELLI, GWYNETTA S.
GITTENS, BETSY VAUGHN,
CATHLEEN O'DANIEL MORGAN,
JOHN DOE '35;1, THE SCHOOL
DISTRICT OF LEE COUNTY,
FLORIDA and CHRIS N.
PATRICCA,

    Defendants.
_____/

## ORDER

Pending are Plaintiffs' Motion to Compel Depositions of the Individual School Board Depositions (Doc. 90), Defendants' response in opposition thereto (Doc. 94), and Plaintiffs' reply (Doc. 97).

In the interests of judicial economy, the Court dispenses with any unnecessary recitation of the background of this litigation, the well-established legal standards governing deposition discovery, or the parties' arguments.  Instead, the Court will simply cut to the chase.

The Court orders the parties to proceed with the depositions at issue without any of the limitations Defendants request because the Court finds no legitimate basis for imposing those limitations.

The presiding United States District Judge rejected Defendants' attempts to dismiss this case at the pleading stage on the ground of qualified immunity. Plaintiffs are, therefore, entitled to pursue relevant and proportional discovery from Defendants at this time. Although Defendants may preserve their position as to qualified immunity on the record at the outset of any deposition, they may not refuse to answer otherwise proper deposition questions based on their defense of qualified immunity.

Additionally, Defendants appear to have abandoned their consideration of an early summary judgment motion on the issue of qualified immunity. As such, there are no factual or procedural bases for the Court to consider ordering discovery to occur in phases at this juncture, and the Court declines to do so.

Furthermore, the so-called apex-deposition doctrine does not require the Court to impose the requested limitations on the Defendants' depositions in this case. The rationale underlying the doctrine is that high-level government officials need protection "because they are vulnerable to numerous, repetitive, harassing, and abusive depositions." *Bennett v. Reva Clearwater, LLC*, No. 2021 WL 2450806, at *1 (M.D. Fla. Apr. 13, 2021) (quotation and citation omitted). Therefore, a party seeking to take an apex deposition must show that the deponent "has unique knowledge of the issues in the case or the information sought has been pursued

unsatisfactorily through less intrusive means." *Id.* (quotation and citations omitted). Here, Plaintiffs have adequately demonstrated that the Defendants in question have unique knowledge of the issues in the case. The Verified Second Amended Complaint alleges that the Defendants individually or jointly engaged in conduct that informs the substantive claims against them. (*See* Doc. 53).

Lastly, the Court will not presume that Plaintiffs' counsel intends to abuse the opportunity afforded by the depositions or that Defendants' counsel intends to be obstreperous during any deposition. The deposition transcripts will evince those matters one way or the other, and the Court can address counsel's conduct in subsequent motion practice, if needed.

## CONCLUSION

For these reasons, the Court **ORDERS** that:

1. Plaintiffs' Motion to Compel Depositions of the Individual School Board Depositions (Doc. 90) is **GRANTED** as set forth herein.

2. The Court will not require the Defendants to make themselves available "over a reasonably contemporaneous period of three days" as Plaintiffs request, (*see* Doc. 90 at 6). Instead, the Court orders the depositions at issue to be completed **no later than October 29, 2021**. To accomplish that, the parties are ordered to confer **on or before September 3, 2021** for the purpose of determining mutually agreeable dates for the

depositions. Plaintiffs' counsel may then promptly notice the depositions to occur on the mutually agreeable dates.

3. The parties must bear their own fees and costs in connection with this discovery dispute.

**DONE** and **ORDERED** in Fort Myers, Florida on August 27, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4