UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OAKES FARMS FOOD &
DISTRIBUTION SERVICES, LLC
and FRANCIS A. OAKES, III,

    Plaintiffs,

v.                                                  Case No.:  2:20-cv-488-JLB-MRM

GREGORY ADKINS, FREDRICK
B. ROSS, MARY FISCHER, DEBBIE
JORDAN, MELISSA W.
GIOVANELLI, GWYNETTA S.
GITTENS, BETSY VAUGHN,
CATHLEEN O'DANIEL MORGAN,
JOHN DOE '35;1, THE SCHOOL
DISTRICT OF LEE COUNTY,
FLORIDA and CHRIS N.
PATRICCA,

    Defendants.
_____/

# ORDER

Plaintiffs' Motion for Leave to File Verified Third Amended Complaint (Doc. 104), Defendants' response (Doc. 107), and Plaintiffs' reply (Doc. 111) are ripe for determination.

In brief, Plaintiffs seek leave to file a Verified Third Amended Complaint, (*see* Docs. 104-1 through 104-29), "to add a new Defendant, AMI DESAMOURS, who

is the Chief Financial Officer of the Lee County School District," (Doc. 104 at 1).[1]

They also:

> seek leave to amend their Complaint against the Defendants to (i) address the Court's partial dismissal of Oakes Farms' breach of contract claim, by adding sufficient allegations of animus and malice; (ii) provide additional detail on which Defendants are "decisionmakers" and "policymakers," and why; (iii) add a Sunshine Law claim relating to the School District's adoption of a policy statement titled "A Message About the Death of George Floyd," that is directly relevant to Plaintiffs' other First Amendment retaliation claims; and (iv) add a Sunshine Law claim relating to the School District's decision-making process whereby it selected a replacement fresh produce vendor by means of a secretive and illegal competitive solicitation process, which is also directly relevant to Plaintiffs' other First Amendment retaliation and breach of contract claims.

(*Id.* at 1-2).

In the interests of judicial economy and efficiency, the Court dispenses with any unnecessary recitation of the background of this action or the parties' arguments. The Court carefully reviewed the parties' submissions and considered each and every argument raised. For the reasons below, the Court **GRANTS** Plaintiffs' motion (Doc. 104).

## LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's

---

[1] Pinpoint page citations for documents refer to CM/ECF pagination.

written consent or the court's leave.  The court should freely give leave when justice so requires."  The decision whether to permit an amendment is within a court's sound discretion of the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Further, the Court must find a justifiable reason to deny a request for leave to amend.  *Id.*  "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when:  (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile."  *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004).  The Eleventh Circuit has held that to request leave to amend "a motion must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'"  *Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 8:08-cv-882-T-17-TGW, 2009 WL 1751726, at *2 (M.D. Fla. June 17, 2009) (quoting *Doe v. Pryor*, 344 F.3d 1282, 1288 (11th Cir. 2003)).

Notably, Plaintiff filed the motion *sub judice* on November 15, 2021, (*see* Doc. 104), which is eleven months after the December 15, 2020 deadline to add parties or amend pleadings expired, (*see* Doc. 66 at 2).  As a result, the heightened standards under Federal Rules of Civil Procedure 6 and 16 apply.

B.  **Federal Rules of Civil Procedure 6 and 16**

"When a party files a motion for leave to amend a pleading after the applicable scheduling order deadline has passed, the party is in effect seeking to

3

modify this deadline." *Coach Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, at *1 (M.D. Fla. June 11, 2012) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).  Thus, the Court applies the good cause and excusable neglect standards found in Rules 6 and 16 in determining whether to grant an untimely motion for leave to amend a pleading.  *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009) ("[W]hen a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause and excusable neglect for the untimely motion." (citing Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4))).  Only then does a court consider whether amendment is proper under Rule 15(a).  *Sosa*, 133 F.3d at 1419.

The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quotation omitted).  With regard to excusable neglect, moreover, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Estate of Washington v. Carter's Retail, Inc.*, 3:10-cv-1136-J-32TEM, 2011 WL 2731291, at *2 (M.D. Fla. July 13, 2011) (quoting

4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). The determination of whether a party has established excusable neglect "is at bottom an equitable one." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Supreme Court has identified four factors a court should consider: "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

**ANALYSIS**

As a threshold matter, Plaintiffs' motion only addresses the relatively permissive amendment standard under Rule 15(a) without acknowledging that their request is first subject to the heightened standards under Rules 6 and 16. (*See* Doc. 104 at 4). Nevertheless, the Court finds that Plaintiffs satisfy each of these rules.

First, the Court finds that any potential prejudice to Defendants can be cured by an extension of the relevant case management deadlines, which the Court orders below. This extension will, among other things, allow the parties to round out any outstanding discovery specifically relating to the additional allegations and claims in the Verified Third Amended Complaint and Defendants' defenses thereto.

Second, although Plaintiffs' request came eleven months after the deadline to amend pleadings expired, Plaintiffs persuasively argue that the timing of their request is a direct consequence of (1) the Court's stay of certain deposition discovery until

Defendants' motion to dismiss could be resolved, (2) the significant time it took for the Court to resolve that dispositive motion, and (3) Defendants' continued resistance to deposition discovery based on their qualified immunity defense. (*See* Doc. 104 at 2-3). The Court is also persuaded by Plaintiffs' explanation that the recent depositions "were key to a thorough understanding of the facts in this case, much of which occurred outside of public purview," (*id.* at 3), and that the proposed amendment tries to address certain pleading deficiencies noted by the presiding United States District Judge in his order on the motion to dismiss, (*id.* at 5-6).

Third, the Court finds that Plaintiffs could not have avoided the discovery delays because: (1) *Defendants* requested—and the Court entered—a protective order against certain depositions occurring until Defendants' motion to dismiss was resolved, (*see* Docs. 61, 64-65); (2) the Court's order on the motion to dismiss was not entered until May 28, 2021, (*see* Doc. 87); (3) Plaintiffs were then forced to file a motion to compel certain depositions based on Defendants' refusal to permit the depositions on qualified immunity grounds despite the Court's ruling on the motion to dismiss, (*see* Doc. 90); and (4) the Court's order on the motion to compel was not entered until August 27, 2021, (*see* Doc. 99). The depositions then proceeded and Plaintiffs filed their motion for leave to amend shortly after the depositions concluded. Based on this chronology, the Court is not persuaded that Plaintiffs could have avoided the discovery delays that contributed to their missing the relevant case-management deadline for motions to add parties or amend pleadings.

Fourth, the Court cannot find on this record that Plaintiff acted in anything less than good faith.

Fifth, having carefully considered the parties' respective positions and applicable pleading standards, the Court cannot conclude that Plaintiffs' proposed amendments are necessarily futile for the various reasons Defendants urge. The presiding United States District Judge's order resolving Defendants' previous motion to dismiss appears to have already decided some of Defendants' challenges or otherwise deferred them to the summary judgment stage. (*See* Doc. 87). To the extent Plaintiffs' amended pleading tries to correct some of the issues the District Judge noted or adds new claims, the Court finds that Defendants' challenges are more appropriately addressed in a dispositive motion directed at the Verified Third Amended Complaint rather than in the context of a motion for leave to amend.

For these reasons, the Court will permit amendment.

## CONCLUSION

Thus, the Court **ORDERS** that:

1. Plaintiffs' Motion for Leave to File Verified Third Amended Complaint (Doc. 104) is **GRANTED**.

2. Given the number of exhibits attached to the amended pleading, the Court will not direct the Clerk of Court to refile the copy attached to Plaintiffs' motion. Instead, the Court **ORDERS** Plaintiffs to file their

7

      Verified Third Amended Complaint (with exhibits) as a new and separate docket entry **no later than January 14, 2022**.

3. In light of the allegations and claims in the amended pleading, the Court *sua sponte* resets the case management deadlines in this case, including the trial term, as follows:

    a. Discovery is re-opened for the limited purposes of: (1) allowing any additional discovery specifically related to Plaintiffs' amended allegations and claims in the Verified Third Amended Complaint and Defendants' defenses thereto; (2) completing the discovery addressed by the Court's November 3, 2021 Order (Doc. 103); and (3) completing any discovery the Court may authorize in resolving the pending motion to compel (Doc. 114). This limited discovery must be completed no later than April 21, 2022. Motions to compel relating to this limited discovery must be filed no later than April 21, 2022. The Court will not stay this discovery in the event Defendants file a dispositive motion directed at the Verified Third Amended Complaint.

    b. Mediation: May 5, 2022.

    c. Dispositive and *Daubert* Motions: June 21, 2022.

    d. Final Pretrial Meeting: October 21, 2022.

    e. Motions in Limine: October 28, 2022.

      f.      Joint Final Pretrial Statement, Proposed Jury Instructions, Verdict Form, and Trial Briefs (if applicable):  November 4, 2022.

      g.      Final Pretrial Conference:  November 18, 2022 at 1:30 PM.

      h.      Monthly Trial Term:  December 2022.

4.    The Clerk of Court is directed to enter an amended Case Management and Scheduling Order consistent with the dates above, subject to the Court's trial calendar.

5.    **The parties are warned that the Court is not inclined to extend these deadlines.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 11, 2022.

_/s/ Mac R. McCoy_
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

9